UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

ISIAH JASPER,

                                                          Plaintiff,       **FIRST AMENDED COMPLAINT**

                    -against-

                                                  15-cv-0913-KAM-RML

THE CITY OF NEW YORK; P.O. RAFAEL GONZALEZ, TAX I.D. # 940205; and P.O. JOHN YEN, TAX I.D. # 949815; the individual defendant(s) sued individually and in their official capacities,        ECF Case

                                                Jury Trial Demanded

                                       Defendants.

-------------------------------------------------------------------------X

## PRELIMINARY STATEMENT

        1.        This is a civil rights action in which plaintiff seeks relief for the violation of plaintiff's rights secured by 42 U.S.C. § 1983; and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiff's claims arise from an incident that arose on or about January 28, 2014. During the incident, the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things: false arrest; unreasonable force; assault; battery; failure to intervene; implementation and continuation of an unlawful municipal policy, practice, and custom; and respondeat superior liability. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

**JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law. Plaintiff's notice of claim was duly filed on defendant City of New York within 90 days of the incidents at issue, and more than 30 days have elapsed since such filing and the City of New York has refused to settle plaintiff's claims. Moreover, this action has been filed within one year and 90 days of the incident. Plaintiff has satisfied all conditions precedent for the filing of this action.

4. Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Richmond County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

**PARTIES**

5. Plaintiff Isiah Jasper is a resident of the State of New York, Richmond County, and was a minor at the time of the incident and was in High School.

6. At all times herein, defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7. At all times alleged herein, defendants Police Officers Rafael Gonzalez, Tax I.D. # 940205 and John Yen, Tax I.D. # 949815 were employed with the 120th Precinct, located in Richmond County, New York or other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

8.  The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

**The Incident**

9.  On January 28, 2014, at and in the vicinity of 1075 Castleton Avenue, Apt. 4B, Staten Island, New York, and the 120th Precinct, several police officers operating from the 120th Precinct, including upon information and belief, defendants P.O. Gonzalez and P.O. Yen, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiff.

10. On January 28, 2014, at approximately 3:15 p.m. to 4:00 p.m., at and in the vicinity of 1075 Castleton Avenue, Apt. 4B, Staten Island, New York, defendants P.O. Gonzalez and P.O. Yen, without either consent, an arrest warrant, search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime unlawfully arrested plaintiff.

11. Plaintiff and his friend were visiting another friend who lives at 1075 Castleton Avenue, Apt. 4B, Staten Island, New York.

12. Plaintiff and his friend were outside of the apartment.

13. The police suddenly appeared.

14. The police detained plaintiff and his friend and would not let them enter the apartment.

15. The police tried to get into the apartment without a warrant but one of the occupant of the apartment (their friend's grandmother) would not let them.

3

16. There was no cause or justification for the police to approach or detain plaintiff and his friend or enter the apartment.

17. The police made plaintiff and his friend produce their identification.

18. The police searched plaintiff, his friend and the surrounding area.

19. The police found no contraband, weapons or control substances on either plaintiff or his friend, or in the surrounding area.

20. The police handcuffed plaintiff in excessively tight handcuffs.

21. No one else was arrested.

22. Plaintiff complained that the handcuffs were too tight, but the police ignored him.

23. Plaintiff's friend and the occupants of the apartment explained that plaintiff had not done anything wrong and was there by invitation.

24. The police ignored them.

25. Plaintiff called his mother, and police told her that plaintiff was being arrested.

26. The police drove plaintiff to the 120th Precinct for arrest processing.

27. The police placed him a cell with adults.

28. In order to cover up their illegal actions, the police, pursuant to a conspiracy, falsely and maliciously told the Richmond County District Attorney's Office that plaintiff had committed various crimes.

29. The police made these false allegations, despite the fact that they had no evidence that plaintiff had committed a crime, to cover up their misconduct, to meet productivity goals and quotas, and to justify overtime expenditures.

4

30. However, because there was no basis to arrest plaintiff, much less prosecute plaintiff, the Richmond County District Attorney's Office declined to prosecute him and he was released the next morning, and the case against him terminated in his favor. *See* enclosed letter attached as Exhibit 1.

31. Plaintiff was shocked, humiliated and embarrassed by the experience.

**General Allegations**

32. The individual defendants acted in concert in committing the above-described illegal acts against plaintiff.

33. Plaintiff did not resist arrest at any time during the above-described incidents.

34. Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incident.

35. The individual defendants did not observe plaintiff violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incident.

36. The individual defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of their rights.

37. As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy,

psychological pain, emotional distress, mental anguish, embarrassment, humiliation and financial loss.

38. Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

## FIRST CLAIM
### (FALSE ARREST UNDER FEDERAL LAW)

39. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

40. Defendants falsely arrested plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

41. Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## SECOND CLAIM
### (FALSE ARREST UNDER STATE LAW)

42. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

43. Defendants falsely arrested plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

44. Accordingly, defendants are liable to plaintiff for false arrest under New York State law.

## THIRD CLAIM

### (UNREASONABLE FORCE)

45. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

46. The individual defendants' use of force upon plaintiff was objectively unreasonable.

47. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, compliant, and did not resist arrest.

48. Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

49. Accordingly, the defendants are liable to plaintiff for using unreasonable force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## FOURTH CLAIM

### (ASSAULT)

50. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

51. Among other things as described above, defendants' search and seizure, battery, false arrest, and unreasonable use of force against plaintiff placed him in fear of imminent harmful and offensive physical contacts.

52. Accordingly, defendants are liable to plaintiff under New York State law for assault.

7

## FIFTH CLAIM

### (BATTERY)

53. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

54. Among other things as described above, defendants' search and seizure, false arrest, and unreasonable use of force against plaintiff were illegal physical contacts.

55. Accordingly, defendants are liable to plaintiff under New York State law for battery.

## SIXTH CLAIM

### (FAILURE TO INTERVENE)

56. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

57. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

58. Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## SEVENTH CLAIM

### (MONELL CLAIM)

59. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

60. Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

61. Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs and policies against plaintiff: (1) wrongfully arresting innocent persons in order to meet productivity goals; and (2) using unreasonable force on individuals.

62. Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

63. Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

64. Further, defendants City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop, arrest and prosecute innocent individuals, based on pretexts and false evidence.

65. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

## EIGHTH CLAIM
### (RESPONDEAT SUPERIOR)

66. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

67. The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiff, including falsely arresting, assaulting, and battering plaintiff.

68. The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   Brooklyn, New York
         September 23, 2015

>       MICHAEL O. HUESTON, ESQ.
>       *Attorney for Plaintiff*
>       16 Court Street, Suite 3301
>       Brooklyn, New York 11241
>       (718) 246-2900
>       mhueston@nyc.rr.com
>       By:
>
>       __s/_____
>       MICHAEL O. HUESTON